Donald A. MacKay, CalBar # 138540
Attorney at Law
don@damackay.com
77711 Flora Road, Suite 362
Palm Desert, CA 92211
Telephone 202-642-4646
Facsimile  866-833-5180

Attorney for Plaintiff John Meggs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MEGGS, Individually,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UHG LAX PROP, LLC, a Delaware limited liability company,<br><br>　　　　Defendant. | **Case No. 2:23-cv-8632**<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff, JOHN MEGGS, Individually, on his behalf, and on behalf of all other mobility-impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant UHG LAX PROP, LLC, a Delaware limited liability company, for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C.§ 12181 et seq. ("ADA") and the related California Statutes, alleging the following:

## COUNT I
## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, et seq.

1. Plaintiff, John Meggs, is an individual residing at 1128 Maynard Drive, Duarte, CA 91010-2455, in the County of Los Angeles.

2. Defendant's property, commonly referred to as DoubleTree by Hilton Hotel LAX - El Segundo, is located at 1985 East Grand Avenue, City of El Segundo, California, 90245-5015, in the County of Los Angeles (the Property).

3. Venue is properly located in the Central District of California, as venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. Jurisdiction over the state law claims vests with this Court because pending and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

5. Plaintiff, John Meggs, is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a paraplegic. Mr. Meggs, at all times, relies on a manual wheelchair for mobility. Mr. Meggs visited the Property on or about August 29-30, 2022. He plans to return to the Property to avail himself of the goods and services offered to the public once the facility is made accessible for his use. Mr. Meggs has encountered architectural barriers at the Property which have endangered his safety. Additionally, he has been deterred from additional attempts at patronage because of his knowledge of the barriers.

6. Defendant owns, leases (or leases to), and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Thus, the Defendant is responsible for complying with the obligations of the ADA. As stated above, the Defendant's place of public accommodation is known as DoubleTree by Hilton Hotel LAX - El Segundo, is located at 1985 East Grand Avenue, City of El Segundo, California, 90245-5015, in the County of Los Angeles.

7. Mr. Meggs has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the Property as described in, but not necessarily limited to, the allegations contained in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination by the Defendant, in violation of the ADA. Mr. Meggs desires to visit DoubleTree by Hilton Hotel LAX - El Segundo not only to avail himself of the

goods and services available at the Property but to assure himself that the Property is in complete compliance with the ADA - so that he and others similarly situated will have full and equal enjoyment of the Property without fear of discrimination and/or injury.

8. The Property is located within a sixty-mile drive of Mr. Meggs' home.

## FACTUAL ALLEGATIONS

9. The Defendant has discriminated against the individual Plaintiff by denying Plaintiff access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection, conducted by Plaintiff's expert, of DoubleTree by Hilton Hotel LAX - El Segundo has shown that violations exist and, further, that their remediation thereof is readily achievable in nature. The violations personally encountered or observed by Mr. Meggs include, but are not limited to:

**Entrance Access and Path of Travel**

A. The accessible routes which traverse the Property contain changes in level of greater than 1 inch creating hazardous conditions for John Meggs, in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADA Standards. The remediation of these barriers is both technically feasible and readily achievable.

B. The curb ramps at the Property contain sloping of above 13%, in excess of the allowable limit of 8.33%, in violation of the ADAAG and Section 406 of the 2010 ADA Standards. These curb ramps have endangered Mr. Meggs by presenting him with a tipping hazard which could damage his wheelchair and/or cause a tip and fall, preventing his safe unloading from vehicles. The remediation of these barriers is both technically feasible and readily

achievable.

C. The curb ramp along the exterior accessible route at Property contains sloping which is greater than 14%; far beyond the allowable limits, in violation of ADAAG Section 4.7 and Section 406 of the 2010 ADA Standards. The excessive slopes create a hazardous condition for Mr. Meggs, particularly when loading or unloading from a vehicle. The remediation of these barriers is both technically feasible and readily achievable.

**Access to Goods and Services**

D. DoubleTree by Hilton Hotel LAX - El Segundo fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities, thus violating Section 36.211 of the ADAAG and Sections 215, 216, 217, 227, 228, and 904 the 2010 ADA Standards. Mr. Meggs has not been afforded equal access to all of the facilities/amenities available to non-disabled patrons throughout the common areas at the Property.

E. The Property contains several counters which are mounted at a height greater than the allowable limit of 36 inches, in violation of ADAAG Section 7.2 (1) and Sections 227 and 904 of the 2010 ADA Standards. Due to their height Mr. Meggs could not make use of counters or writing/work surfaces throughout the common/lobby areas of the Property (equal facilitation was not provided). A counter was also partially blocked by a Property policy notice. The remediation of these barriers is both technically feasible and readily achievable.

F. The interior paths of travel at the Property fail to provide minimum clear width space needed for those in wheelchairs, in violation of ADAAG Section 4.3 and Sections 403 and 404 of the 2010 ADA Standards. Due to these

conditions Mr. Meggs was unable to freely access these areas and could freely traverse the interior of the hotel. The remediation of these barriers is both technically feasible and readily achievable.

G. Computer work station located in the common area at the Property lacks the required knee and toe clearance of 27 inches – current height is 25 inches – the work stations also lacks the required depth; this is a violation of the ADAAG and Section 902 of the 2010 ADA Standards. Due to the lack of requisite knee and toe clearance Mr. Meggs could not make use of the workstation. The remediation of these barriers is both technically feasible and readily achievable.

H. Deck/Patio tables offered on the exterior dining areas of the Property do not provide the minimum required knee and toe space, preventing use by Mr. Meggs, in violation of the ADAAG and Sections 226 and 902 of the 2010 ADA Standards. Due to the lack of accessible seating Mr. Meggs could not make use of these tables for dining, or any other purpose. The remediation of these barriers is both technically feasible and readily achievable.

**Access to Common Area and Pool Area Men's Restrooms**

I. Mr. Meggs was impeded when attempting to enter and exit the restrooms in the common area due inadequate maneuvering space in violation of the ADAAG and Section 404 of the 2010 ADA Standards. The remediation of this barrier is both technically feasible and readily achievable.

J. Sink knee clearance is currently less than the minimum 27-inch height and 8-inch depth, preventing Mr. Meggs from accessing the sinks, in violation of the ADAAG and Section 306 of the 2010 ADA Standards. Mr. Meggs could not wash his hands when using the restroom. The remediation of this barrier is both technically feasible and readily achievable.

K. Mr. Meggs was unable to use the mirrors due to their improper mounting height, in violation of the ADAAG and Section 603 of the 2010 ADA

      Standards. The remediation of this barrier is both technically feasible and readily achievable.

L. The accessible stall doors within the restrooms are not self-closing and/or lack the proper hardware, preventing use by Mr. Meggs, in violation of Section 604 of the 2010 ADA Standards. The remediation of this barrier is both technically feasible and readily achievable.

M. Grab bars extend less than 54 inches from the rear wall in violation of the ADAAG and 2010 ADA Standards sections 604 and 609, creating a hazardous condition for Mr. Meggs in accessing the toilet. The remediation of this barrier is both technically feasible and readily achievable.

N. Toilet seat heights are in violation of the ADAAG and Section 604 of the 2010 ADA Stanadrds as they are not between 17 and 19 inches above finished floor; they have prevented safe use by Mr. Meggs. The remediation of this barrier is both technically feasible and readily achievable.

O. Baby changing table heights do not comply with the ADAAG and Sections 601 and 902 2010 ADA Standards, preventing use by Mr. Meggs. The remediation of this barrier is both technically feasible and readily achievable.

**Accessible Guestrooms and Suites**

P. Doors to enter, exit or use the accessible room lack requisite maneuvering clearance for users of mobility aids, impeding Mr. Meggs, in violation of the ADAAG Sections 4.13.9 and 9.2.2(3) and Section 404 of the 2010 ADA Standards. The remediation of this barrier is both technically feasible and readily achievable.

Q. Guestroom lamp controls are of an inaccessible design in violation of the ADAAG and Sections 308 and 309 of the 2010 ADA Standards. A lamp was blocked by furniture and inaccessible to Mr. Meggs. The remediation of these barriers is both technically feasible and readily achievable.

R. The side wall grab bar for the toilet in the accessible bathroom is not at least

42 inches long and 54 inches from the rear wall, nor is it mounted 33 to 36 inches above the finished floor, preventing safe use by Mr. Meggs. This is a violation of the ADAAG and Section 609 of the 2010 ADA Standards. The remediation of this barrier is both technically feasible and readily achievable.

S. The rear wall grab bar for the toilet in the accessible bathroom is not at least 36 inches long nor is mounted 33 to 36 inches above the finished floor, preventing safe use by Mr. Meggs. This is a violation of the ADAAG and Section 609 of the 2010 ADA Standards. The remediation of this barrier is both technically feasible and readily achievable.

T. An adjustable height, hand-held shower wand with a 60-inch-long hose is not provided, and the provided non-adjustable shower wand is mounted at 54 inches, above the allowable height of 48 inches, in violation of the ADAAG and Sections 308 and 607 of the 2010 ADA Standards.

U. The roll-in shower dimensions are less than the minimum configurations allowed by the 2010 ADA Standards ; see figures 608.2.2 or 608.2.3, this impediment prevented Mr. Meggs from freely using the shower.

V. Gaps between the shower wall and the inside face of the grab bar are not exactly 1.5 inches to grip so that the arm cannot accidentally pass between the grab bar and wall in the event of a fall. This creates a hazardous condition for Mr. Meggs and is in violation of the ADAAG and Section 609.3 of the 2010 ADA Standards. The remediation of this barrier is both technically feasible and readily achievable.

W. Mr. Meggs could not make use of the guest room mirror due to its improper mounting height of 45 inches above the finished floor (40" maximum), in violation of the ADAAG and Section 603.3 of the 2010 ADA Standards. The remediation of this barrier is both technically feasible and readily achievable.

X. The toilet flush valve is not mounted on the wide side of toilet, preventing use by Mr. Meggs in violation of the ADAAG and Section 604 of the 2010

       ADA Standards. The remediation of this barrier is both technically feasible and readily achievable.

Y.   Mr. Meggs cannot safely transfer to the toilet due to a lack of clear floor space in violation of the ADAAG and Section 604 of the 2010 ADA Standards. The remediation of this barrier is both technically feasible and readily achievable.

Z.   The accessible shower lacks required clear floor space (30" for length of element) for John Meggs to safely access and use; in violation of the ADAAG and Sections 305 and 608 of the 2010 ADA Standards. The remediation of this barrier is both technically feasible and readily achievable.

11. In encountering and dealing with the lack of accessible facilities the Plaintiff experienced difficulty and discomfort. These violations denied the Plaintiff full and equal access to facilities, privileges and accommodations offered by the Defendant.

12. Additionally, on information and belief, the Plaintiff alleges that the failure to remove the barriers was intentional because: (1) the particular barriers are intrusive and obvious; (2) the Defendant exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the Defendant intended any other configuration, they had the means and ability to make the change.

13. Given the obvious and blatant violations, the Plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the Plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 506 F.3d 1191 (9th Cir. 2007) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

14. All of the foregoing violations are violations of the 1991 Americans with

Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design (ADA Standards), as promulgated by the U.S. Department of Justice.

15. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

16. Defendant has discriminated against the individual Plaintiff by denying Plaintiff access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in

equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

18. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a), in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to, and useable by, individuals with disabilities as defined by the ADA.

19. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter DoubleTree by Hilton Hotel LAX - El Segundo to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE**, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant, at the commencement of the subject lawsuit, was in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

B. Injunctive relief against the Defendants including an order to (1) cure all ADA violations existing at the Property listed herein and those later found through discovery - within the next six months; (2) to make the Property accessible to and usable by individuals with disabilities; and (3) to require the Defendants to make reasonable modifications in policies, practices or procedures, to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D. An Order requiring the Defendants to cease their discriminatory practices and to maintain the requisite accessible features at the Property - as required by the ADA.

E. Such other relief as the Court deems just and proper and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## DISABLED PERSONS ACT

20. Plaintiff realleges herein all prior allegations of the Complaint as if more fully set forth herein.

21. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

22. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

23. Both sections specifically incorporate (by reference) an individual's rights under

the ADA. See Civil Code §§ 54(c) and 54.1(a).

24. Here, Defendant discriminated against the physically disabled public, including the Plaintiff, by denying Plaintiff full and equal access to the facility. Defendant also violated Mr. Meggs' rights under the ADA, and therefore, infringed upon or violated (or both) Plaintiff's rights under the Disabled Persons Act.

25. For each offense of the Disabled Persons Act, Plaintiff seeks actual damages (both general and specific damages), declaratory relief, and other remedies available under California Civil Code § 54.3.

26. Plaintiff Meggs also seeks to recover reasonable attorney's fees incurred under California Civil Code § 54.3.

## COUNT III
## UNRUH CIVIL RIGHTS ACT

27. Plaintiff realleges herein all prior allegations of the Complaint as if more fully set forth herein.

28. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or service in all business establishments of every kind whatsoever.

29. California Civil Code § 51 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

30. California Civil Code § 51 specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

31. Defendant's aforementioned acts and omissions denied the physically disabled public, including the Plaintiff, full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

32. These acts and omissions (including those which violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

33. Plaintiff Meggs was damaged by Defendant's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

34. Plaintiff Meggs also seeks to enjoin Defendant from violating the Unruh Act (and ADA), and recover reasonable attorney's fees and costs incurred under California Civil Code § 52(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff John Meggs prays for judgment against the Defendant, jointly and severally, for:

A. Injunctive relief, or any other relief the Court deems proper.

B. Declaratory relief that Defendant violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

C. Statutory minimum damages under either § 52(a) or § 54.3(a) of the California Civil Code, whichever is greater (but not both) according to proof.

D. Attorney's fees, litigation expenses, and cost of suit.

E. Interest at the legal rate from the time of the filing of this action.

Respectfully Submitted,

Donald A. MacKay
Attorney at Law
don@damackay.com

By: *[signature]*
Donald A. MacKay – Attorney for Plaintiff John Meggs

# **VERIFICATION**

I am a party to this action, and I have read the foregoing complaint and know its contents. The matters stated in the complaint are true based on my own knowledge, except to those matters stated on information and belief, and to those matters I believe them to be true.

I declare under penalty and perjury under the laws of the state of California that the foregoing is true and correct.

Executed on October 12, 2023, at Duarte, California.

By: _____
John Meggs